1
2
3
4                    UNITED STATES DISTRICT COURT

5                    NORTHERN DISTRICT OF CALIFORNIA

6

7   MARCUS CAREY, AR0478,                    Case No. 18-cv-02583-CRB (PR)

8              Petitioner,                   **ORDER GRANTING MOTION TO
                                             DISMISS PETITION AS
9         v.                                 UNTIMELY AND DENYING
                                             CERTIFICATE OF
10  CRAIG KOENIG, Acting Warden,             APPEALABILITY**

11             Respondent.                   (ECF No. 10)

12                                           I.

13        Petitioner, a California state prisoner incarcerated at the Correctional Training Facility in

14  Soledad, California, seeks a writ of habeas corpus under 28 U.S.C. § 2254 invalidating a

15  conviction and sentence from Contra Costa County Superior Court. On August 9, 2018, the court

16  observed that the petition appeared untimely and ordered respondent to move to dismiss the

17  petition as untimely or inform the court that a motion to dismiss is unwarranted. After seeking

18  and obtaining an extension of time, respondent filed a motion to dismiss the petition as untimely

19  and claims one through six as also procedurally defaulted. Petitioner has filed an opposition and

20  respondent has filed a reply.

21                                           II.

22        On July 22, 2013, petitioner pleaded no contest to two counts of forcible lewd acts on a

    child and one count of a lewd act on a child under 14 and was sentenced to 22 years in prison.

23  The superior court also imposed a restitution fine of $4,400. Petitioner did not appeal.

24        On August 20, 2014, petitioner delivered to prison officials for mailing to the superior

25  court a petition for a writ of error coram nobis. The petition was never received by the court.

26        On April 30, 2015, petitioner delivered to prison officials for mailing to the superior court

27  a motion to reduce his restitution fine. On May 11, 2015, the court denied the motion.

28

On April 9, 2016, petitioner delivered to prison officials for mailing to the superior court a second motion to reduce his restitution fine. On June 29, 2016, the court denied the motion.

On January 19, 2017, after learning that his August 20, 2014 petition for a writ of error coram nobis was never received by the superior court, petitioner delivered to prison officials for mailing to the superior court a copy of his August 20, 2014 petition for a writ of error coram nobis. On March 14, 2017, the court denied the petition.

On April 9, 2017, petitioner delivered to prison officials for mailing to the superior court a petition for a wit of habeas corpus. On June 1, 2017, the court denied the petition but ordered that the minute order memorializing petitioner's July 22, 2013 criminal judgment be amended to reflect that he had pleaded no contest rather than guilty.

On July 9, 2017, petitioner delivered to prison officials for mailing to the California Court of Appeal a petition for a writ of habeas corpus. On July 26, 2017, the court denied the petition with the following citations: "*In re Clark* (1993) 5 Cal.4th 750, 782-799; *In re Robbins* (1998) 18 Cal.4th 770, 784; *People v. Duvall*, (1995) 9 Cal.4th 464, 474 [as to inadequate record of plea and sentencing]; *In re Brown* (1973) 9 Cal.3d 679, 682-683, disapproved on other grounds in *People v. Mendez* (1999) 19 Cal.4th 1084, 1097-1098 & fn. 7; *In re Chavez* (2003) 30 Cal.4th 643, 651."

On August 23, 2017, petitioner delivered to prison officials for mailing to the superior court a petition for a writ of habeas corpus. On September 22, 2017, the court denied the petition.

On October 6, 2017, petitioner delivered to prison officials for mailing to the California Court of Appeal a petition for a writ of habeas corpus. On October 20, 2017, the court denied the petition as follows: "Grounds 1 through 6 are repetitive of claims asserted in a prior habeas petition filed in this court in case No. A151835, which was denied on July 26, 2017. (*In re Miller* (1941) 17 Cal.2d 734, 735.) The remainder of the petition is denied, for failure to state a prima facie case for relief."

On December 15, 2017, petitioner delivered to prison officials for mailing to the California Supreme Court a petition for a writ of habeas corpus. On March 24, 2018, the court denied the petition.

On April 22, 2018, petitioner delivered to prison officials for mailing to this court the instant federal petition for a writ of habeas corpus under 28 U.S.C. § 2254.

III.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became law on April 24, 1996 and imposed for the first time a statute of limitation on petitions for a writ of

2

1    habeas corpus filed by state prisoners.  Petitions filed by prisoners challenging non-capital state

2    convictions or sentences must be filed within one year of the latest of the date on which: (1) the

3    judgment became final after the conclusion of direct review or the time passed for seeking direct

4    review; (2) an impediment to filing an application created by unconstitutional state action was

5    removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was

6    recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and

7    made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have

8    been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).  Time during

9    which a properly filed application for state post-conviction or other collateral review is pending is

10   excluded from the one-year time limit.  Id. § 2244(d)(2).

11         A state prisoner with a conviction finalized after April 24, 1996, ordinarily must file his

12   federal habeas petition within one year of the date his process of direct review came to an end.

13   See Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled

14   in part on other grounds by Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir.

15   1998) (en banc).  Here, because petitioner did not appeal his July 22, 2013 criminal judgment, his

16   process of direct review came to an end on September 20, 2013, when the time for filing an appeal

17   expired.  See Cal. Rule of Court 8.308(a) (notice of appeal must be filed within 60 days of

18   criminal judgment); see also Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006) (California

19   conviction becomes final 60 days after judgment if not appealed).  Petitioner therefore had until

20   September 22, 2014 to file a federal habeas petition within the one-year limitations period.  See

21   Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (calculating AEDPA's one-year

22   limitation period according to Federal Rule of Civil Procedure 6(a)).  But the instant federal

23   petition was not delivered to prison officials for mailing to this court until April 22, 2018.  It is

24   untimely unless the limitations period was tolled for a substantial period of time.

25                                          A.

26         AEDPA's one-year limitation period is tolled under § 2244(d)(2) for the "time during

27   which a properly filed application for State post-conviction or other collateral review with respect

28   to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2)).  But § 2244(d)(2) "does

3

1      not permit the reinitiation of the limitations period that has ended before the state petition was

2      filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Section 2244(d)(2) "can only

3      serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral

4      petitions can no longer serve to avoid a statute of limitations." Rashid v. Khulmann, 991 F. Supp.

5      254, 259 (S.D.N.Y. 1998).

6            Respondent argues that although petitioner sought to file a state petition for a writ of error

7      coram nobis on August 20, 2014, 33 days before the one-year limitations period expired on

       September 22, 2014, the petition was never received by the superior court and therefore was not

8      properly filed and did not toll the limitations period under § 2244(d)(2). And by the time

9      petitioner properly filed an application for post-conviction relief in the superior court (his April

10     30, 2015 motion to reduce his restitution fine), the limitation period had expired. But whether

11     petitioner's August 20, 2014 state petition was properly filed and tolled the limitations period

       under § 2244(d)(2) is not as straightforward as respondent suggests.

12           Under the law of the circuit, the one-year limitations period is tolled under § 2244(d)(2)

13     pursuant to the "mailbox rule" starting on the day the prisoner delivers his state petition to prison

14     officials for forwarding to the court. See Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir.

15     2003); Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000). The mailbox rule applies even

16     where the prisoner's petition is never received by the court so long as the prisoner "diligently

17     follows up once he has failed to receive a disposition from the court after a reasonable period of

18     time." Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001). Here, the record shows that after

19     petitioner received the superior court's denial of his April 9, 2016 motion to reduce his restitution

       fine, he inquired about his August 20, 2014 petition for a writ of error coram nobis and learned

20     that the petition was never received by the superior court. He then resubmitted his August 20,

21     2014 petition to the superior court. This shows reasonable diligence on petitioner's part. See id.

22     at 1224 (noting that 21 months is not an unusually long time to wait for a court's decision). Under

23     the circumstances, the mailbox rule applies to the petition for a writ of error coram nobis petitioner

24     delivered to prisoner officials for mailing to the superior court on August 20, 2014 but which the

       superior court never received, see id., and the one-year limitations period started tolling under §

25     2244(d)(2) on August 20, 2014, see Stillman, 319 F.3d at 1201; Anthony, 236 F.3d at 574-75.

26           But unfortunately for petitioner, his federal petition is still untimely. On August 20, 2014,

27     when petitioner delivered his petition for a writ of error coram nobis to prison officials for mailing

28     to the superior court, the one-year limitations period had run unabated since petitioner's criminal

                                                        4

1
2
3
4
5
6
7

judgment became final on September 20, 2013 and only 33 days remained before it expired on September 22, 2014.  Even if the one-year limitations period was tolled under § 2244(d)(2) without interruption from August 20, 2014 until the California Supreme Court denied petitioner's final state petition on March 14, 2018 (which is unlikely in view of the gaps between the various rounds of motions and petitions petitioner filed in the state courts), petitioner had only 33 days after March 14, 2018 (or until April 16, 2018) to file a timely federal petition.  But petitioner did not deliver his federal petition to prison officials for mailing to the court (and thereby file it under the mailbox rule) until April 22, 2018.  It is untimely.

B.

8
9
10
11
12
13
14
15
16
17

Petitioner asserts that his federal petition is not subject to AEDPA's one-year limitations period because his sentence "was unauthorized" and that his federal petition is timely because he "cited previously unavailable case authority." Opp'n (ECF No. 11) at 1.  But petitioner sets forth no authority in support of his contention that challenging his sentence as unauthorized somehow excuses him from AEDPA's one-year limitations period and the court is not aware of any such authority.  Nor does petitioner set forth any specific allegation in support of his assertion that his federal petition is timely because he cited previously unavailable case authority.  In fact, he provides no basis or support whatsoever for even an arguable claim that the one-year limitations period began running at a date later than the date on which his criminal judgment became final (i.e., September 20, 2013) because of a constitutional right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C).

18
19
20
21
22
23
24
25
26

Petitioner is not entitled to equitable tolling either.  The Supreme Court has made clear that a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010).  Petitioner makes no such showing – that he may have made some mistaken assumptions and/or miscalculations along the way is not a valid basis for equitable tolling. Cf. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling).  Nor is this one of those rare cases where the petitioner has made a showing of actual innocence compelling that "his otherwise time-barred claims [be] heard on the merits." Lee v. Lampert, 653 F.3d 929, 932 (9th Cir. 2011) (en banc).

IV.

27
28

For the foregoing reasons, respondent's motion to dismiss the petition as untimely (ECF

No. 10) is GRANTED.[1]

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED because it cannot be said that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED**.

Dated: April 25, 2019

_____
CHARLES R. BREYER
United States District Judge

United States District Court
Northern District of California

---

[1] The court need not address respondent's additional argument that claims one through six are also procedurally defaulted.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARCUS CAREY,

               Plaintiff,

       v.

SCOTT KERNAN, et al.,

               Defendants.

Case No.  3:18-cv-02583-CRB

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 25, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Marcus  Carey ID: AR-0478
Correctional Training Facility (CTF)
P.O. Box 705
Soledad, CA 93960

Dated: April 25, 2019

Susan Y. Soong
Clerk, United States District Court

By:_____
Lashanda Scott, Deputy Clerk to the
Honorable CHARLES R. BREYER